**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MADISON WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-01219** |
| | ) | **Judge Aleta A. Trauger** |
| **JPMORGAN CHASE N.A.,** | ) | |
| **JAMIE DIMON, ASHLEY BACON,** | ) | |
| **AND ELGA DUARTE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court is plaintiff Madison West's Response to Magistrate's Report and Recommendations. (Doc. No. 22.) The court construes this Response as objections to the Report and Recommendation ("R&R") (Doc. No. 21) issued by the Magistrate Judge, recommending that the defendants' Motion to Dismiss (Doc. No. 10) be granted and that West's Complaint be dismissed in its entirety for failure to state a claim. The defendants filed a Response to the plaintiff's filing (Doc. No. 23), arguing that the plaintiff failed to lodge proper objections under Rule 72 and that the R&R should be accepted in its entirety.

For the reasons set forth herein, the objections will be sustained in part and overruled in part; the R&R will be accepted in part and rejected in part; and the Motion to Dismiss will be granted in part and denied in part.

## I. STANDARD OF REVIEW

### A. Report and Recommendation

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate

judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B.     Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, . . . and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 694 (6th Cir. 2018) (citation omitted).

However, if additional matters "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In that event, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

## II.    BACKGROUND

West alleges that, between February 2024 and May 2024, she opened five[1] total accounts with defendant JPMorgan Chase Bank, N,A. ("Chase"). (Compl. ¶¶ 3,1–3.5.)[2] In July 2024, the plaintiff apparently fell victim to a crypto-currency scam that caused her to lose over $24,000. (*Id.* ¶¶ 3.10–3.13.) When she attempted a wire transfer of an additional $87,000 on August 20, 2024, Chase declined the transfer because it was unable to confirm the banking information of the recipient. (*Id.* ¶ 3.14.) In other words, Chase prevented the loss of an additional $87,000. Chase thereafter notified the plaintiff that her accounts might be closed unless she took immediate action. (*Id.* ¶ 3.15.)

On August 21, 2024, Chase notified the plaintiff that her accounts would be restricted, because they had been flagged for "suspicious" activity. (*Id.* ¶¶ 3.15–3.17.) Chase then notified the plaintiff that it would be closing her accounts and would release the funds to her in person at its branch in East Nashville. Despite numerous communications between her and Chase, the plaintiff was deprived of access to her accounts for sixteen days, until September 5, 2024, when Chase released all funds to her. (*Id.* ¶ 3.28.)

Based on these allegations, the plaintiff filed suit against Chase and three individual Chase employees, asserting four claims: Wrongful Closure of Bank Account (Count I); (2) Defamation of Character (Count II); Slander (Count III); and Criminal Profiling (Count IV). (*Id.* §§ 5–8.) She seeks "up to $1,000,000,000" in damages. (*Id.* ¶ 9.2.)

The defendants filed a Motion to Dismiss and supporting Memorandum, arguing that (1) two of the individuals named as defendants—Chase CEO Jamie Dimon and Chief Risk Officer

---

[1] It seems undisputed at this point that only four accounts are at issue.

[2] The Complaint is in the record at Doc. No. 1-1, pages 2–13.

Ashley Bacon—should be dismissed because the Complaint fails to allege any facts indicating their involvement in the events at issue; (2) Count I, for "Wrongful Closure of Bank Account," should be dismissed, because the Deposit Account Agreement ("DAA") the plaintiff signed in connection with each account she opened at Chase states that Chase could close any account "at any time for any reason or no reason without prior notice" (Doc. No. 11 at 1–2 (quoting DAA § VIII, Doc. No. 10-1 at 38, attached as Ex. B to Declaration of Halie Williams, Doc. No. 10-1 at 2–3)); (3) Counts II and III, for defamation and slander, should be dismissed because the plaintiff fails to allege *publication* of any statement about the plaintiff, a required element for both claims under Tennessee law (Doc. No. 11 at 6); and (4) Count IV, "Criminal Profiling," should be dismissed because it is not a recognized cause of action under Tennessee law (*id.*).

The plaintiff filed a Response in opposition to the motion, arguing generally that the facts alleged in her Complaint are sufficient to establish that she is entitled to relief against the defendants. (*See* Doc. No. 12 at 5.) Her Response summarized those allegations, emphasizing that she was without access to her bank accounts for sixteen days, that her numerous attempts to reach Chase's CEO and Chief Risk Officer were blocked or ignored, and that Elga Duarte, an investigator for the bank, was not authorized by any "Chase Consumer Banking rules or bylaws" to "choose to close Consumer's bank accounts for no reason at any time without notice." (*Id.* at 6–7.) She concluded:

> The culpability of all Defendants in their banking roles and responsibilities makes the sum negligence pellucidly clear. . . . The idea or suggestion that there exists no legal oversight and recourse for damages created by the companies toward their customers/clients is antithetical to the law and the very purpose of laws to afford shelter for society.

(*Id.* at 7.) She asked the court to deny the defendants' motion on this basis. (*Id.* at 8.)

The plaintiff's Response did not expressly object to the defendants' reference to the DAA or its assertion that, because the plaintiff's bank account relationship is central to her claims, the

court may consider the DAA on a motion to dismiss. (*See* Doc. No. 11 at 2 n.2 (citing *Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 958 (E.D. Mich. 2017), in support of the proposition that a court ruling on a Rule 12(b)(6) motion may consider not only "documents referenced in the pleadings and central to the claims" but also "documents that are not [attached to] or mentioned specifically [in the complaint] but which govern the plaintiff's rights and are necessarily incorporated by reference").) However, in a separate document attached to her Response entitled "Plaintiff's Answers to Defendants' Motion to Dismiss," the plaintiff specifically asserted that she is "not aware of a Deposit Account Agreement document governing Plaintiff's account[s]. Plaintiff does not know of, does not have possession of, nor signed a copy of 'The Deposit Account Agreement' as accounts were opened online." (Doc. No. 12 at 10.) She further stated:

> Plaintiff REJECTS Exhibit "Deposit Account agreement and Notice of Privacy" as Plaintiff does not know this document, does not have a copy of this document, did not sign or initial this document, and was not provided this document when opening all 4 accounts online.

(*Id.*)

In the R&R, the Magistrate Judge does not address the defendants' arguments about the plaintiff's failure to allege facts implicating two of the three individuals named as defendants[3] but otherwise recommends that the defendants' Motion to Dismiss be granted on the grounds argued by the defendants. (*See* Doc. No. 21.) In particular, the R&R finds as a factual matter that the plaintiff entered into a DAA in connection with each of her Chase accounts and that Section VIII of the DAAs provided notice that Chase could close her accounts "at any time for any reason or no reason without prior notice." (Doc. No. 21 at 4 (quoting DAA, Doc. No. 10-1 at 38).) The R&R further observes that the signature cards for each of the plaintiff's deposit accounts (also attached

---

[3] The defendants did not object to the Magistrate Judge's decision not to address that argument, so the court does not address it either.

to the defendants' Motion to Dismiss), each of which reflects the plaintiff's electronic signature, state: "ACKNOWLEDGEMENT – I've read and agree to the Online and Mobile E-Sign Disclosure and Consent Agreement, Digital Services Agreement, and Deposit Account Agreement and Tax info." (*Id.* (quoting Doc. No. 10-1 at 5, 8, 11, and 13).)

Based on the documents attached to the Motion to Dismiss, the R&R concludes that "Chase was explicitly authorized to close Plaintiff's accounts pursuant to the DAA" and, therefore, that the Complaint fails to state a plausible claim that the accounts were wrongfully closed. (*Id.* at 5.)

The plaintiff objects to the R&R, continuing to argue that the defendants wrongfully closed her accounts without written notice or "justifiable reason" and then withheld the plaintiff's funds from four different accounts for sixteen days, without justification. She also "affirms that when e-signing for all accounts opened online, there was not a DEPOSIT ACCOUNT AGREEMENT AND PRIVACY NOTICE . . . attached to review, sign, or approve during the online process." (Doc. No. 22 at 2.)

The plaintiff also claims that she attempted to pursue arbitration to resolve her claims against the defendants initially but, receiving no response from Chase, "determined it was necessary" to pursue her claims in court. (*Id.* at 3.) She states that, "[i]f Plaintiff is bound" by the DAA, then defendants must be as well, and must be compelled to arbitrate this dispute. (*Id.* at 5.) The plaintiff then devotes the remaining five pages of her objections to arguing that this case should be referred to arbitration. (*Id.* at 5–9.)

The defendants urge the court to overrule the plaintiff's objections because they do not comply with Federal Rule of Civil Procedure 72. In particular, the defendants argue that the plaintiff does not identify with specificity the portion of the R&R's findings or recommendations to which she objects or adequately apprise the court of the basis for her objections. (Doc. No. 23

at 2.) They also contend that, if the plaintiff seeks to compel arbitration, she must file a separate motion but that, in any event, she has waived the right to arbitrate. (*Id.* at 2–4.) They further contend that the R&R correctly applied the law to the facts and should be affirmed. (*Id.* at 4–5.)

## III. DISCUSSION

As an initial matter, it is clear that the plaintiff's objections do not squarely address and certainly do not call into question the R&R's legal conclusions that (1) the Complaint fails to allege publication of allegedly libelous statements, as a result of which the slander and defamation claims fail as a matter of law; and (2) that Tennessee does not recognize a private cause of action for "criminal profiling," as a result of which Count IV of the Complaint fails to state a claim for which relief may be granted. Any objections to the dismissal of Counts II–IV will be overruled, and the court will accept in their entirety the R&R's recommendations that these claims be dismissed under Rule 12(b)(6).

To dismiss Count I, however, the R&R took into consideration matters outside the pleadings, specifically the signature cards associated with the plaintiff's accounts and the DAA referenced on the face of the signature cards. In doing so, the R&R cited a case that similarly considered Chase's "Account Rules and Regulations" and, more specifically, the section of those rules entitled "Closing Your Account" which, like the DAA submitted by the defendants in this case, authorized the bank to close the customer-plaintiff's account "at any time with or without cause." *Wheat v. Chase Bank*, No. 3:11-cv-309, 2014 WL 457588, at *1 (S.D. Ohio Feb. 3, 2014). In that case, however, the court was presented with a motion for summary judgment, not a motion to dismiss, and it was not called upon to address whether it could properly consider matters outside the pleadings.

Other courts, presented with similar issues on a motion to dismiss, have treated the matter differently. Some have held that the underlying account documents attached to a defendant's

motion to dismiss are necessarily central to the plaintiffs' claims and, therefore, may be considered without converting the Rule 12(b)(6) motion into a Rule 56 motion. *See, e.g.*, *Ellis-Erkkila v. Citibank*, No. W-20-CV-01039-ADA-DTG, 2023 WL 3184594, at *2 (W.D. Tex. May 1, 2023) ("The Court may consider the Deposit Agreements at the 12(b)(6) stage because Chase attached it to its Motion and it is 'central to the claim and referenced by the complaint.'" (citation omitted)), *report and recommendation adopted*, No. 6:20-CV-01039-ADA-DTG, 2023 WL 5519634 (W.D. Tex. Aug. 24, 2023). Other courts have declined to consider similar documents as outside the pleadings. *See, e.g.*, *Speicher v. Rocket Mortg., LLC*, No. 5:22-CV-4284, 2023 WL 2890154, at *6 (E.D. Pa. Apr. 11, 2023) ("There is likely merit to Rocket Mortgage's arguments, but the Court cannot consider the Interest Rate Agreement when adjudicating this motion to dismiss because it was not attached to nor referenced by the Complaint."); *Hawkins v. Fed. Nat. Mortg. Ass'n*, No. 2:13-CV-6068-WY, 2014 WL 272082, at *3 (E.D. Pa. Jan. 23, 2014) ("Although a district court may consider documents integral to or explicitly relied upon in the complaint in deciding a motion to dismiss, Hawkins does not explicitly rely upon her mortgage agreement with Fannie Mae nor is it integral to her amended complaint." (internal citation omitted)).

As set forth above, the court may take into consideration documents attached to a motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430. A document is considered central—or "integral"—to the complaint "where the plaintiff (1) has actual notice of the document and its information and (2) has 'relied upon the[] documents in framing the complaint.'" *Gomez v. Nat'l Fin. Network, Inc.*, No. CV 20-1968 (GRB) (AKT), 2021 WL 8084337, at *11 (E.D.N.Y. Aug. 2, 2021) (quoting *McLennon v. City of New York*, 171 F. Supp. 3d 69, 89 (E.D.N.Y. 2016)); *accord McKinley by & Through Bault v. Lexington Ins. Co.*, No. 1:17-CV-00051-GNS, 2018 WL 4868989, at *4 (W.D.

Ky. Jan. 3, 2018) ("In considering whether a document has been referenced in a complaint, the focus is on function over form. A referenced document must be 'integral' to the complaint, meaning that the plaintiff has relied upon the terms and effect of a document in drafting the complaint." (citation omitted)), *report & recommendation adopted sub nom. McKinley v. Lexington Ins. Co.*, No. 1:17-CV-00051-GNS-HBB, 2018 WL 4868984 (W.D. Ky. Mar. 7, 2018).

In this case, although the plaintiff does not state, in so many words, that she objects to the R&R's consideration of matters outside the pleadings, she does expressly "affirm[] that when e-signing for all accounts opened online, there was not a DEPOSIT ACCOUNT AGGREMENT AND PRIVACY NOTICE . . . attached to review, sign, or approve during the online process." (Doc. No. 22 at 2.) The court finds that this objection is specific enough to permit review. The court further finds that this objection has merit. While Chase is likely to establish that it is entitled to summary judgment on Count I, the Complaint did not reference the DAA, and the plaintiff denies having actual notice of the document and clearly did not rely on its terms or effect in drafting the Complaint. Consequently, on *de novo* review, the court finds the DAA cannot be considered in the context of ruling on the defendants' Motion to Dismiss. The defendants' arguments for dismissal of Count I of the Complaint depend entirely upon the DAA rather than on the allegations in the Complaint itself. Consequently, the defendants have not shown that they are entitled to judgment as a matter of law on Count I.[4]

---

[4] The court notes that the plaintiff has now filed a Motion to Compel Arbitration (Doc. No. 24) in which she appears to adopt the terms of the DAA. The adoption, however, is not completely unambiguous, and the plaintiff may simply be attempting to avoid dismissal of her claims. The plaintiff, of course, cannot have her cake and eat it too. In any event, the Motion to Compel Arbitration post-dates the briefing on the Motion to Dismiss, and the court leaves to the Magistrate Judge the further unraveling of this issue.

## IV.     CONCLUSION

For the reasons stated above, the court will sustain in part the plaintiff's objections (Doc. No. 22), accept in part the R&R (Doc. No. 21), and grant in part the Motion to Dismiss (Doc. No. 10). The Motion to Dismiss will be denied as to Count I of the Complaint.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge